Case 4:22-cr-00400   Document 1   Filed on 08/16/22 in TXSD   Page 1 of 6

United States Courts
Southern District of Texas
FILED
*August 16, 2022*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **4:22-cr-400** |
| Plaintiff | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| CHRISTOPHER RUSSELL BENTLEY, | § | Count 1 (Wire Fraud, |
| Defendant | § | 18 U.S.C. § 1343) |
| | § | Notice of Forfeiture |

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

Count One
(Wire Fraud, 18 U.S.C. § 1343)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. **Christopher Russell Bentley**, defendant herein, lived in Spring, Texas, and established several entities, which he used to solicit millions of dollars of investments in oil and gas mineral rights and to manage those investments.

2. Bellatorum Resources, LLC was started by defendant in approximately May 2016 to broker mineral rights and was located in Spring, Texas.

3. Bellatorum Land and Minerals ("BLM") was started by defendant in approximately June 2018 and was located in Spring, Texas.

4. Bellatorum Phalanx Investments Inc. ("BPI") was started by defendant in approximately January 2019 and was located in Spring, Texas.

5. Sentinel Energy Investments, LP ("Sentinel") was started by defendant in approximately July 2020, and was located in Spring, Texas.

6. NCO Energy Partners was an entity set up and controlled by defendant.

B. THE SCHEME AND ARTIFICE

7. From in or about February 2019, and continuing through in or about April 2021, in the Houston Division of the Southern District of Texas and elsewhere,

**CHRISTOPHER RUSSELL BENTLEY**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain moneys and property by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE

8. The scheme and artifice consisted essentially of a plan by defendant to use for the defendant's own personal use and benefit money defendant had raised from investors for investments in oil and gas mineral rights.

9. It was a part of the scheme and artifice that the defendant would and did conceal and not disclose to investors in defendant's oil and gas mineral rights investments that defendant did not have sufficient funds to operate defendant's investment funds.

10. It was part of the scheme and artifice that the defendant would and did submit false and fraudulent payoff information to escrow agents closing the purchase of oil and gas mineral rights by defendant on behalf of his investors to have money from such transactions diverted from such purchases and wire transferred to entities controlled by defendant for defendant's use and benefit.

11. It was a part of the scheme and artifice that the defendant would and did conceal and not disclose to investors in defendant's oil and gas mineral rights investments that defendant sold oil and gas mineral rights to those investments which defendant owned and that he had inflated the value of those oil and gas mineral rights.

12. It was part of the scheme and artifice that the defendant would and did pledge oil and gas mineral interest assets of BPI and BLM as collateral to obtain an approximately $6.5 million loan without the knowledge of the investors of BPI and BLM, and would and did conceal from those investors the fact that he had pledged all of the oil and gas mineral rights assets of BPI and BLM for the loan.

13. It was part of the scheme and artifice that defendant would and did use the approximately $6.5 million in loan proceeds he obtained from pledging the assets of BPI and BLM for his use and benefit.

14. It was part of the scheme and artifice that defendant would and did raise

funds from investors in Sentinel to purchase oil and gas mineral rights and would and did conceal from those investors the defendant's misapplication of investors' funds from previous oil and gas mineral rights investments managed by defendant.

15. It was part of the scheme and artifice to defraud that the defendant would and did fraudulently obtain approximately $3,972,492.00 from investors in oil and gas mineral rights investments managed by defendant for his use and benefit.

D. <u>EXECUTION OF THE SCHEME AND ARTIFICE</u>

16. On or about September 23, 2020, in the Southern District of Texas, and elsewhere, defendant

**CHRISTOPHER RUSSELL BENTLEY**,

for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate commerce writings, signs, signals, pictures and sounds, namely a wire transfer in the amount of $442,500 into the bank account of NCO Energy Partners at BBVA USA.

In violation of Title 18, United States Code, Section 1343.

4

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant

### CHRISTOPHER RUSSELL BENTLEY

that upon conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count 1 of the Information, all property which constitutes or is derived from proceeds traceable to such violation shall be forfeited to the United States.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendant is notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to

forfeit any other property of the defendant up to the total value of the property subject to forfeiture.

                                          JENNIFER B. LOWERY
                                          UNITED STATES ATTORNEY

                                 By: *John Braddock*
                                      JOHN BRADDOCK
                                      Assistant United States Attorney