United States District Court
Southern District of Texas
**ENTERED**
August 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. H-22-400 |
| CHRISTOPHER RUSSELL BENTLEY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Christopher Russell Bentley's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Docket Entry No. 46), to which the Government has filed a response in opposition (Docket Entry No. 48).

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

### I. BACKGROUND AND CLAIMS

On November 21, 2022, defendant pleaded guilty without a written plea agreement to one count of wire fraud. The Court sentenced him to a below-guidelines sixty-month term of imprisonment on February 23, 2023, and ordered payment of restitution to forty-nine parties in an amount of nearly $15 million. No direct appeal was taken. His motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied on December 5, 2023.

On June 13, 2024, defendant filed the pending motion seeking a sentence reduction pursuant to amended United States Sentencing Guideline ("U.S.S.G.") § 4C1.1. The

Government responds that the motion should be denied because defendant does not meet the requirements for a sentence reduction under § 4C1.1(a).

## II. ANALYSIS

U.S.S.G. § 4Cl.l – the "zero-point offender" provision – allows a decrease of two offense levels for defendants with no criminal history points whose offense did not involve any of the enumerated aggravating factors. U.S.S.G. § 4C1.1(a). Defendant contends that this provision entitles him to a two-level reduction in his sentencing range because he was not assessed any criminal history points for sentencing purposes and does not fall within any of the listed aggravating factors.

As argued by the Government, defendant's PSR shows that the calculation of his criminal history points under U.S.S.G. § 4A1.1(c) resulted in a 1-point score equating to a criminal history category of I, with a total offense level of 28. Under the applicable sentencing guidelines, the advisory guideline range for a total offense level of 28 with a criminal history category of I is imprisonment of 78 to 97 months, as noted in Zone D of the Sentencing Table. U.S.S.G., Chapter 5, Part A. The Court imposed a sentence below the guideline range by 18 months, sentencing defendant to a sixty-month term of imprisonment.

Thus, defendant is not eligible for a sentence reduction under § 4C1.1 because he is not a zero-point offender. Even assuming defendant were a zero-point offender, he would not be eligible for a sentence reduction because he does not meet all of the listed criteria in § 4C1.1(a). Specifically, he does not meet the requirement that he "did not personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6). According to the PSR, which this

Court fully adopted, "[t]he defendant's fraud caused at least $14,296,324 in losses to his investors." Defendant's personal actions in defrauding his investors caused substantial financial hardship to a multitude of individuals totaling in the millions of dollars, and § 4C1.1 provides him no basis for a sentence reduction.

Because defendant is not entitled to a sentence reduction, the Court will not undertake consideration of any applicable § 3553(a) sentencing factors.

### III.  CONCLUSION

For the above reasons, defendant's motion for a sentence reduction (Docket Entry No. 46) is **DENIED**.

Signed at Houston, Texas, on this the 13th day of August, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE